August Waedanz, Plaintiff in Error, v. Chicago, Burlington & Quincy Railroad Company, Defendant in Error.

## Gen. No. 14,453.

NEGLIGENCE—*when doctrine res ipsa loquitur does not apply.* The doctrine *res ipsa loquitur* does not apply in favor of a servant injured by a gasoline explosion which occurred upon a sleeping car in which, with the aid of a fellow-servant, he was engaged in cleaning the carpets.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed October 29, 1909.

E. A. MEYER, for plaintiff in error.

CHESTER M. DAWES and JOSEPH A. CONNELL, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

The single question presented in this case is whether there is any evidence that would have justified a submission of the cause to the jury. The plaintiff was injured by a gasoline explosion that occurred on the railroad sleeping car of the defendant, in which the plaintiff was engaged in cleaning the carpets with the assistance of a fellow-servant. The cleaning was performed, by direction of the foreman, with gasoline, but without specific direction as to how it should be done. There is no evidence whatsoever in the record as to how the explosion occurred. While the declaration states that there was a heated stove in the car and that the explosion was due to the contact of the gasoline with the heat of the stove, there is not a word in the testimony as to whether or not the stove was in fact heated. The only testimony that in any manner bears on this point one way or the other is that

the stove was in a corner surrounded by screening, the windows were open and the car was cold.

The sole witnesses for the plaintiff were his physician and himself. His fellow-servant, though available, was not called. The plaintiff testified that he did not know what the fellow-servant, who was also injured, was doing at the time of the explosion.

No evidence of any kind of negligence on the part of the defendant is shown. Under these circumstances, unfortunate as is the result to the plaintiff in this class of cases, without legislative provision changing the law of employers' liability and throwing the burden of accidents, with or without neglect, on the business, the courts must apply the law as it now is.

We find no error in the direction of a verdict for the defendant, and the judgment must therefore be affirmed.

*Affirmed.*